IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SANTIAGO VASQUEZ, #1160003 | § | |
| VS. | § | CIVIL ACTION NO. 6:05cv51 |
| D. DRETKE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Santiago Vasquez, previously an inmate confined at the Powledge Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on February 10, 2005. The Plaintiff complained about being denied dentures. On July 6, 2005, the case was dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Plaintiff appealed the decision. On March 9, 2007, the Fifth Circuit found that the Plaintiff had stated a claim under the Eighth Amendment against Defendants A. D. Wells and David Collins, who were dentists working in the prison system. The lawsuit was remanded for further consideration. On May 9, 2007, pursuant to an order of the Court, the Defendants filed an answer.

On May 25, 2007, the Court issued an Order setting the case for a Pretrial Conference at 10:00 a.m. on August 13, 2007, in the Courtroom of the undersigned. At the same time, the Court issued an Order setting the case for Jury Selection and Trial at 9:00 a.m. on August 14, 2007. The Plaintiff was ordered to submit his list of proposed witnesses and exhibits no later than July 13,

2007.  On June 6, 2007, the Court received an acknowledgment from the Plaintiff indicating that he received the Orders on June 4, 2007.  The Plaintiff personally signed the acknowledgment.  On August 13, 2007, at 10 a.m., the Pretrial Conference was begun.  The Plaintiff, however, failed to appear at the Pretrial Conference.  He likewise failed to contact the Court about such failure.  On the other hand, the Defendants were present and announced that they were ready to proceed.  It is noted that the Court has not received anything from the Plaintiff since the case was remanded other than the acknowledgment for receipt of the Orders.  The Plaintiff has failed to prosecute this case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988);  Fed. R. Civ. P. 41(b).  The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused.  *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979);  *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.  *Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit."  *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures,

prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the case was set for a Pretrial Conference and Jury Trial. It was the Plaintiff's time to present his case. However, he failed to appear and failed to provide any explanation for such failure. He likewise failed to comply with orders to submit a list of proposed witnesses and exhibits. By comparison, the Defendants have complied with the orders of the Court and were present. The Court has spent a great deal of time scheduling and preparing for the trial. A dismissal without prejudice is not practical at this juncture since the Plaintiff would be barred from filing the lawsuit again by the statute of limitations. A fine would not be an effective sanction since the Plaintiff is proceeding *in forma pauperis*. He apparently does not have the ability to pay a fine. There is no reason for having him pay the Defendants' costs for the same reason. The Court is of the opinion that the case should be dismissed with prejudice. However, the Plaintiff may asked to have the case reopened within thirty days from the issuance of this Order, but only if he first pays the costs of the Defendants for preparing for and attending the Pretrial Conference. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **13** day of **August, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE